## RAILWAY COMPANY *v.* SOWELL.

### (*Nashville.* February 21, 1891.)

1. COMMON CARRIER. *Cannot limit liability for negligence by contract.*

   Doctrine re-affirmed that common carriers cannot by any sort of contract limit to any extent their liability for the consequences of their own negligence.

   Cases cited and approved: Coward *v.* Railroad, 16 Lea, 225; Railroad *v.* Wynne, 88 Tenn., 320; 17 Wall., 357.

2. SAME. *Same: Contract fixing value of property shipped valid, when.*

   But stipulation in bill of lading for shipment of live-stock at reduced rates, fixing values of the respective animals, is not an unlawful limitation upon the carrier's liability; but, if fair and reasonable in itself, and based upon a sufficient consideration, and freely and understandingly assented to by the shipper, is valid, although the values agreed upon are much below those proved.

   Case cited and approved: Hart *v.* Railroad, 112 U. S., 331, 343.

   Cited and distinguished: Coward *v.* Railroad, 16 Lea, 225; Railroad *v.* Wynne, 88 Tenn., 320; 17 Wall., 357.

3. SAME. *Same. Same. Case in judgment.*

   S. shipped at special rates four horses under bill of lading containing this clause: "And it is further agreed that should damage occur for which the railroad company may be liable, the value at the place and date of shipment shall govern the settlement, in which the amount claimed shall not exceed, for a stallion or jack, $200; for a horse or mule, $100, * * which amounts, it is agreed, are as much as such stock as are herein agreed to be transported are reasonably worth." S. sued for injury to one of the horses and recovered $550.

   *Held:* The clause quoted fixes the value of each animal separately, and is, in form, a valid contract.

4. SAME. *Same. Same. Same.*

   And such contract is valid, although the carrier did not actually tender another without the clause as to value of animals, if he offered to

· 2—6 P

ship, upon reasonable terms, under a bill of lading containing no limitation as to value, or was ready to do so upon demand being made by the shipper.

Cases cited and approved : Railroad *v.* Gilbert Parkes & Co., 88 Tenn., 431 ; Railroad *v.* Manchester Mills, 88 Tenn., 653.

5. SAME.    *Same.    Same.    Erroneous rejection of evidence.*

Where there is controversy as to whether the carrier offered or was ready to ship under any other than the special contract limiting value, it is error to reject evidence, offered on his behalf, tending to show that shippers were allowed choice of contract under which to ship, and to show the instructions given by carrier to his agents for their guidance when shipper rejected the special contract.

6. SAME.    *Same.    Same.    Pleadings bad, when.*

In suit by shipper against carrier for injury to horse, the latter pleaded specially the contract, above quoted, limiting value of horse to $100. The shipper, by replications not sworn to, denied that he had assented to said contract, and averred that it was illegal and invalid.    The replications also put at issue other allegations of the plea.    They were objected to for duplicity, and because they were not sworn to.

*Held:* Replications are bad.

---

FROM MAURY.

---

Appeal in error from Circuit Court of Maury County.    E. D. PATTERSON, J.

HUGHES & HATCHER for Railway Company.

WEBSTER & TAYLOR for Sowell.

SNODGRASS, J.    The defendant in error sued the Louisville and Nashville Railroad Company for dam-

ages consequent upon an injury to a horse which he was having transported from Montgomery, Ala., to Columbia, Tenn., and which he alleged was injured by the negligence of the railroad company in course of transportation. He obtained verdict and judgment for $550.

The company moved for a new trial, and, its motion being overruled, appealed, and assigned errors.

These go to the pleadings, evidence, and charge, but are all practically disposed of by a construction of the contract under which the shipment was made, and therefore we determine the effect of that instrument first.

It was what is known as a live-stock contract, with limited liability clause, upon an agreed valuation, as follows: "And it is further agreed that should damage occur for which the railroad company may be liable, the value at the place and date of shipment shall govern the settlement, in which the amount claimed shall not exceed, for a stallion or jack, $200; for a horse or mule, $100, * * * which amounts, it is agreed, are as much as such stock as are herein agreed to be transported are reasonably worth."

If the clause quoted is an agreement as to limit of the valuation of the particular horse injured, and is valid, the judgment is erroneous. The Circuit Judge charged that it was not an agreement as to the value of this particular horse, and, besides, the clause was void because it limited de-

fendant's liability for its own negligence. In the contract this clause follows that in which the railroad company acknowledged receipt for shipment of four horses, the one injured making one of that number. It manifestly referred to all received, and was as definite and specific in effect as though it had named or perfectly described the horses shipped. It was in reference to them, and only to them, it became a contract when signed and accepted by the shipper, and needed no more particular reference.

The question is whether such a contract is void as against public policy.

It is not now a matter of controversy that a common carrier cannot, by contract, exempt itself from responsibility for its own negligence. *N. Y. Cent. R. R.* v. *Lockwood*, 17 Wall., 357; *Coward and Wife* v. *R. R. Co.*, 16 Lea, 225; *R. R. Co.* v. *Wynne*, 4 Pickle, 320.

These cases are cited not merely to support the proposition, for it needs no support, but to call attention to the precise contracts upon which they were predicated, and to the distinction between them and another class of cases holding that a contract for payment of an agreed value, or limit of value, is one which can be lawfully made between, a shipper and a common carrier.

In the three cases named, the question decided was presented in different aspects. The Lockwood case was a suit to recover damages for injury to the person of a drover, sustained while traveling

on a freight-train in charge of certain cattle he had shipped under a special contract, providing, among other things, that the person accompanying the cattle should be carried free of charge, but at his own risk of personal injury from whatever cause.

The case in 16 Lea was a suit to recover for. lost baggage of a passenger. He had accepted a ticket and signed a contract attached, providing that " none of the companies represented in this ticket will assume any liability on baggage except for wearing apparel, and then only for a sum not exceeding $100." There was no agreement as to valuation of baggage carried. More than this was carried and lost, and the railroad company was held responsible for the full value.

The case of *R. R. Co.* v. *Wynne*, 4 Pickle, 320, was an action for damage for value of a horse shipped under the following agreement as to limitation of liability: " It .is further agreed that should damage occur for which the railroad company may be liable, the value at the place and date of shipment shall govern the settlement, in which the amount claimed shall not exceed * * for a horse or mule $100." There was no agreement as to the value of the animal shipped. It was of much greater value than the limit fixed in the contract. The Circuit Judge ignored this limitation in his charge, and the charge was approved by this Court.

The contract now under consideration is not

governed by these cases. It is not a mere exemption from liability, without more. On the contrary, it is the assumption of liability to the full limit of the value of the property, as agreed upon by the parties to the contract.

Such a contract, fairly made, is not void as against public policy, or for any other reason. *Hart* v. *Pa. R. R. Co.*, 112 U. S., 331, 343; Lawy., Co-op. Ed., p. 717.

This case refers to the numerous rulings *pro* and *con* on the question, and discusses it at length with much force and clearness, settling it in accordance with the weight of authority as stated.

We content ourselves by referring to the opinion and its citations, without going further over the grounds on which they rest.

The charge of the Circuit Judge was therefore erroneous.

This disposes of some other questions in the record—on evidence as to value, etc., and incidentally of others in the pleadings—but it is proper, if not necessary, to notice one or two assignments more particularly.

There was no effort to show that this contract was not in fact executed; no plea of *non est factum* is filed. In one replication to defendant's plea of the contract and claim thereunder that the liability assumed on agreed valuation was only $100, plaintiff averred that the contract was unlawful; that he did not agree to it, and joined issue on so much of the plea as denied tender of

.horse to defendant as common carrier. In another he averred that he did not agree, as stated, and that the clause was inserted without his consent, and is contrary to public policy, etc.

The defendant moved to strike out these replications, because they were bad for duplicity—tendered issues of law and fact—and, as to denial of contract, were, in effect, pleas of *non est factum*, and were not sworn to. The motion being overruled, defendant demurred for the same reasons. The demurrer was likewise overruled, and defendant assigns this as error.

The assignment is well taken. The replications were bad, and must be stricken out.

The plaintiff averred in his declaration that defendant declined to ship the stock under any other than the special contract. The defendant denied this.

There was testimony to sustain both the averment and plea.

On this issue defendant proposed to prove by witness Thompson if "shippers were allowed their choice as to the manner of contract they would ship under, and also what were his instructions and duties [as defendant's agent] when parties chose not to ship under the live-stock contract proven."

To this plaintiff excepted, because it was not shown "that any tender of such a contract of shipment was made."

This exception was sustained, and the evidence excluded, and this is assigned as error.

It was error to refuse to permit defendant to make this proof.

Both the witnesses for plaintiff and defendant agreed that no other contract than that signed was tendered, but they also agreed that no other was demanded.

It was therefore competent for defendant to show that it was willing and ready to execute another upon terms reasonable to the shipper if he preferred it, in which no agreed valuation or limitation of liability was required as a prerequisite to the shipment. He need not specifically tender another contract. An offer or readiness to make it is sufficient. *R. R. Co.* v. *Gilbert Parkes & Co.*, 4 Pickle, 431–435; *R. R. Co.* v. *Manchester Mills*, 4 Pickle, 653.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

The defendant in error will pay the cost of appeal.