## MRS. GEORGE YOUNG v. GREGORY BUS LINE.

Western Section.  November 9, 1925.

No petition for Certiorari was filed.

1. **Carriers. . Evidence held to sustain verdict.**
    In an action to recover damages for personal injuries caused by the bus on which plaintiff had been riding suddenly starting forward as she was about to alight at her place of destination, evidence held to be sufficient to warrant jury in returning a verdict for the defendant.

2. **Appeal and error.  Not reversible error for trial court to reserve his ruling on evidence if ruling not requested.**
    In an action to recover damages for personal injuries caused by bus on which plaintiff had been riding suddenly starting forward as she was about to alight at her place of destination where defendant objected to the introduction of a witness and the trial court reserved its ruling and no ruling was thereafter requested held not error of which plaintiff can complain.

3. **Witnesses.  Defendant not bound by testimony of plaintiff because of having taken her deposition before the trial.**
    In an action to recover damages for personal injuries caused by bus on which plaintiff had been riding suddenly starting forward as she was about to alight at her place of destination, where defendant had taken plaintiff's deposition and refused to read it at the trial or put her on the stand and she took the stand in her own behalf, held that the rule that applies to witnesses does not apply to the parties to the action and defendant could contradict her evidence.

4. **Trial.  Instruction must be accurate before it is error to refuse it.**
    Before a trial court can be put in error by the refusal of a special instruction, the special instruction must be accurate.

5. **Carriers.  Case will not be reversed unless appellate court feels error complained of affected result of trial.**
    In an action to recover damages for personal injuries caused by bus on which plaintiff had been riding suddenly starting forward as she was about to alight at her place of destination, held case controlled by Chapter 32, Acts 1911 which provides appellate court shall not reverse case unless the court is of the belief that the error complained of has affected the results of the trial.

Appeal in Error from Circuit Court, Shelby County; Hon. Ben L. Capell, judge.

Affirmed.

W. C. Rogers, of Memphis, for plaintiff in error.

Klewer, Gailor & Exby, of Memphis, for defendant in error.

OWEN, J.  Mrs. George Young, the plaintiff below, has appealed from a judgment rendered against her for costs in the circuit court of Shelby county.

She instituted a suit against the defendant, a corporation, alleging that she was injured while a passenger on one of defendant's busses

in Memphis, Tennessee, and that the defendant was guilty of negligence in that when the plaintiff was about to alight at her place of destination in the city of Memphis, the chauffeur on said bus suddenly started the same forward, throwing the plaintiff violently to the concrete pavement or street, and injuring her knee and other parts of her person and that she sustained serious injuries and suffered great mental pain and anguish. The defendant filed pleas of not guilty and contributory negligence.

The cause was submitted to a jury in Judge Ben L. Capell's division. After the examination of witnesses, argument of counsel and charge of the court, the jury returned a verdict in favor of the defendant. The plaintiff seasonably filed her motion for new trial, which was overruled and disallowed, prayed and was granted an appeal to this court, perfected the same, and has had signed and filed a proper bill of exceptions. In this court she assigns the following errors:

"First: The trial court erred in declining to instruct the jury that Mrs. George Young was the witness of defendant, by reason of the fact that on December 10, 1924, eight or nine days before the trial of the case, defendant formally took the deposition of this witness, and failed or declined to either introduce same or offer said witness on behalf of defendant, after plaintiff had brought her into court by subpoena.

"Second: The court erred in allowing, over plaintiff's objection, defendant to contradict Mrs. Young (properly its witness), and especially as to the bus being that of the defendant, Gregory Bus Line.

"Third: The court erred in refusing to give to the jury the following special instructions, offered on behalf of plaintiff: 'The court instructs you, gentlemen of the jury, that on December 10, 1924, eight days before the trial of this cause, that defendant took the deposition of Mrs. George Young, as a witness in the case; and that on the trial of this cause, defendant offered neither the deposition in the evidence nor placed witness on the stand in its behalf, and that by reason of the fact that the defendant took said witness' deposition before the trial of this cause, said defendant thereby made her its witness, and was, and is, bound by all that she testified to on the witness stand; and the jury is hereby instructed to disregard all testimony given by defendant's witnesses in contradiction of the testimony of the plaintiff, Mrs. George Young.

" 'In other words, all testimony to the effect that the bus in which plaintiff took passage, and from which she attempted to alight when she was injured, tending to show that it was not a Gregory Bus Line bus, will be disregarded by the jury. Said witness testified that the bus in which she was riding, was a Gregory

Bus Line bus, and defendant cannot contradict this by the other witnesses in its behalf, introduced for this purpose. Defendant is bound by the testimony of Mrs. George Young, and defendant cannot attack her evidence as her testimony is to be taken as true against defendant.'

"Fourth: The court erred in not including in his general charge to the jury, instructions to the effect that Mrs. George Young was a witness of defendant, and it was bound by her testimony, because of the fact that it had previously, on the 10th day of December, 1924, taken her deposition.

"Fifth: The verdict of the jury was contrary to the law and the evidence and, in view of the testimony in the case, was the result of prejudice and caprice on the part of the jury."

Thus it will be seen there is no assignment that there is no material evidence to sustain the judgment of the lower court.

Mrs. Young testified that she was out near Raleigh Tennessee, some seven or eight miles from Memphis looking at some suburban property, and a bus operated by the defendant company came along and she and her sister boarded the same and rode into the city of Memphis, and alighted about the corner of Washington and Front Streets, and that she received the injury as heretofore stated, and alleged in the declaration; that she was riding on a certain bus which she described and it had the name of the Gregory Bus on the windshield. She testified that the driver of the bus, soon after she became a passenger, told her that every day he went by Cheerfield Farm. She informed the chauffeur that she would take passage some day and go to Cheerfield Farm; which is in the locality of Raleigh, a village in Shelby county, Tennessee. Cheerfield Farm, being placed from three-quarters to a mile and a half from the main road, running from the city of Memphis to the village of Rosemark which is near Bolton College in Shelby county. It appears that the defendant operates fifty-two busses out of Memphis through Northern Mississippi, Eastern Arkansas and at various points in Shelby county. In July, 1924, at the time of the accident complained of, the defendant operated two busses and a sedan automobile from Memphis to Rosemark. These two busses were known in the record as busses Nos. 24 and 26. They were different in makeup and color to the bus described by the plaintiff and her sister. They did not pass in their route from Memphis to Rosemark by Cheerfield Farm. Two other lines of busses, one owned by Collum and one by Baker, operated a bus similar to the one described by the plaintiff, and that bus passed by Cheerfield Farm. One of defendant's busses was brought near the Court House at the time of the trial, and known as bus No. 27. It was shown to be an exact duplicate of bus 24 and bus 26, but these busses were

out making their trips at the time of the trial and bus 27 had just come in and the president and chief operator of the defendant company had bus 27 brought to the Court House, and by consent of all the parties the court and jury viewed and examined said bus. The defendant further proved by the three drivers, men who were operating the busses along the Rosemark route on July 9, 1924, the day of the accident that no, accident happened with any of their passengers on that day, and none of these drivers recall having the plaintiff as a passenger on the day she alleged she was injured. The proof shows that whenever an accident happened a report was made on the same day. These drivers, or chauffeurs, were in the employ of the defendant during the summer of 1924. C. E. Osborn and William Osborn, brothers, operated the two busses, ad, E. T. Watkins the sedan automobile for the defendant, from Memphis to Rosemark. So, it appears that the jury was warranted in finding that the plaintiff had made a mistake as to whose bus she was an occupant on the day of the injury. She testified that it was the first time she ever rode in a bus.

The appeal is based upon the alleged error of the court in regard to whether or not Mrs. Young was a witness for the defendant or was a witness in her own behalf. It appears that the defendant took the deposition of the plaintiff a few days before the trial, and it is insisted through the first four assignments of error that, by reason of the defendant taking the deposition of Mrs. George Young, she became the defendant's witness and the defendant could not offer proof to contradict her testimony that she was not a passenger on defendant's bus line on the day of the accident.

Plaintiff's counsel insist that his proposition is sustained by Section 5626 of Shannon's Code, which reads as follows: "The deposition of any person residing in the county where the suit is pending, may also be taken by either party; but the opposite party may summon the witness, in which case he shall be examined as if summoned by the party taking his deposition." Plaintiff's counsel further insists that his proposition is supported by the case of Sherrod v. Hughes, 110 Tenn., 312.

Upon the trial of this cause, counsel for the plaintiff stated to the court that his first witness would be Mrs. Young, the plaintiff, and that he wanted it understood that she "is the witness of the defendant, because the defendant had taken her deposition." Thereupon the court said: "I don't understand that, I don't know that that is so." Counsel thereupon replied, "that is the statute." The court replied: "She is the plaintiff in the law suit, is she not?" This was answered by counsel that she was. Thereupon the court said, "you can present her if you want to, as your witness, and I will determine after awhile. I am inclined to think she is your

Witness. You can read her deposition.'' Counsel then stated that he didn't care to read her deposition, but he would like to know if the defendant was going to read the deposition. Defendant's counsel informed the court that they did not expect to read the deposition of plaintiff. Thereupon counsel for plaintiff said: ''I am placing Mrs. Young on the stand and contend she is a witness for the defendant.'' To this the court said, ''all right, you may put her on.'' Then counsel for the defendant, Mr. Exby, asked this question: ''Your Honor is not yet ruling on the question?'' To this the court answered, ''no.''

The trial judge having received his ruling on the question as to whether the plaintiff was a witness for the plaintiff or defendant, and no ruling having been thereafter requested, the plaintiff can not now complain, and cannot allege as error the action of the trial court in holding that the plaintiff was a witness for the defendant, when the court did not rule on the matter. Bruce v. Beall, 99 Tenn., 303; Sahline v. Bank, 90 Tenn., 22.

Assignment No. 1 is overruled and disallowed.

We are of opinion that the defendant had the right to contradict Mrs. Young as to whether or not she was riding on defendant's bus. It had not read her deposition. The plaintiff was both party and witness and the defendant was not bound by her testimony on any material point and could contradict her by other witnesses as to any material matter. Murray v. Johnson, 1 Head, 353; 28 R. C. L., sec. 227; 40 Cyc., 2768.

We are of the opinion that the same rule of procedure is applicable in the instant case in regard to the taking of the deposition of plaintiff and not reading it as governs in chancery practice. In a chancery suit where the party takes the deposition he is not compelled to read it but if he does not read it the other party may do so and the party taking the deposition may then impeach the witness and prove he is unworthy of belief. In the case of Richmond v. Richmond, 10 Yerg., 343, which was a divorce suit tried in the circuit court where the Supreme Court held the chancery practice obtained, the Supreme Court said:

''The next objection is that the court permitted the complainant to examine witnessess to prove that Wallace, whose deposition had been read, was unworthy of belief. The deposition of Wallace had been taken by the complainant, but was not read in her behalf, but her counsel refused to read it; whereupon the defendant's counsel read the deposition to the jury, as evidence for him. Complainant then introduced several witnesses, and offered to prove that Wallace was unworthy of credit. To prove impeaching this witness on the part of the plaintiff the defendant objected, alleging that he was the complainant's own witness, and that she could not lawfully im-

peach him; but the court overruled the objection and permitted the witness to be examined.

"We think Wallace cannot be regarded as the complainant's witness. She was not bound to use the evidence after the deposition was taken. She did not, by introducing him before the jury, stand pledged that he was worthy of credit. We do not preceive that the case differs in principle from the case of a witness who may be summoned and sworn in a cause, but not examined by the party summoning him. If such witness be afterwards examined by the other party, he makes his own witness, and subjects him to all rules of evidence applicable to such relation."

"If the party who takes a deposition declines to read it he may resist its introduction by the other side on the ground that the evidence is incompetent as, for example, that it is only hearsay." Elliott v. Shultz, 10 Hum., 233.

And in the case of Brandon v. Mulenix, 11 Heisk., 446, the Supreme Court said: "Exception is taken to the action of the court in excluding the deposition of C. B. Headrick. This deposition had been taken by plaintiff and filed in the cause, but plaintiff chose not to read it. Defendant offered to read it in evidence for himself, but on objection the court refused to allow the deposition to be read. This was error. The deposition, when filed, stood as a witness summoned. The party summoning the witness would not be bound to examine him, yet the other party might introduce him, making him his own witness thereby. So with the deposition."

While the Supreme Court in Sherrod v. Hughes, 2 Cates, 311, held that "when a deposition of a witness, in or out of the county, has been taken by either party, and the opposite party has brought the witness into court by subpoena, the party who has taken the deposition may read it, or may examine the witness orally, or may decline to do either, as he choses; but, in either event, the opposite party may examine the witness, treating him as a witness of the party who has taken the deposition, as to all matters, whether brought out in the deposition, or not." In that case the controversy arose over the testimony of a witness by the name of Neal. Neal lived in the county where the suit was tried. His deposition had been taken by the plaintiff, and he had then been summoned by the defendant as a witness, and was present at the time of the trial and sworn, and placed under the rule by the defendant, and was so under the rule when plaintiff offered to have read the deposition over defendant's objection, and this was assigned as error; and the Supreme Court, construing Section 5626, which we have heretofore set out in this opinion, said: "The statute has twice been passed upon by this court, first, in the case of Turner v. Officer, 3 Head, 867; and, second, in the case of Puryear v. Reese, 6 Cold., 21. In

the two cases the court held directly opposite views, holding in the first that the deposition might be read, though the witness was summoned and in court under subpoena, and he might then be cross-examined by the opposite party.

"In that case the depositions appear to have been without objection, and the witness was cross-examined by the opposing party. The court held that the section did not make it obligatory in such cases on the party taking the deposition to read it, but he might have examined the witness orally or read the deposition; and the opposite party in either event would have been entitled to cross-examine him as the witness of the party who had taken his deposition.

"In the latter case, 6 Cold., 27, the court held that in such case the party taking the deposition could not read it, but must orally examine the witness. While in the case of Turney v. Officer, is not referred to by name, the court evidently had it in mind when it said that it appeared to have been held otherwise, but the practice then laid down was the proper one.

"Judge Caruthers in his History of a Lawsuit (page 192, sec. 314), concurs with the view of the court in the Coldwell case, but without referring to the case of Turney v. Officer, 3 Head, 576, which was decided about the time the History of a Lawsuit was written. It is not improper to note that the History of a Lawsuit was written very soon after the Code of 1858 was enacted. Prior to the enactment of the Code of 1858, there does not appear to have been any provision of law authorizing the taking of depositions of persons living in the county of the pending suit. There was a statute providing for taking depositions of parties not living in the county, and in such cases depositions might be read, though witnesses were in court and under subpoena, and in such cases they were to be treated as witnesses of the party taking the depositions. Ford v. Ford, 11 Humph., 89; Puryear v. Reese, 6 Cold., 27; Car., Hist. Lawsuit, sec, 314; Sweat v. Rogers, 6 Heisk., 122.

"It is not of so much importance that the rule be settled in accord with either view, as it is that it be settled in accord with one or the other definitely.

"We are of the opinion that the practice laid down in Turney v. Officer, 3 Head, 567, should be established and followed. This makes the rule uniform as to witness in and out of the county whose depositions may be taken, and we see no valid reason for any difference in the two cases; and we therefore hold the rule to be, in both classes of cases, that when the deposition of a witness in or out of the county has been taken by either party, and the opposite party has brought the witness into court by subpoena, the party who has taken the deposition may read it, or may examine the

witness orally, or may decline to do either, as he chooses; but in either event, the opposite party may examine the witness, treating him as the witness of the party who has taken his deposition as to all matters, whether brought out in the deposition or not. It is true the statute uses the word 'shall' but this word has been held to be a convertible term with 'may.' Bank v. Johnson, 3 Humph., 28; Barnes v. Thompson, 2 Swan., 313.

"The use of the term 'shall' does not make an examination imperative, but is only intended to lay down the rule that he may be examined orally by either party; but if his deposition is read or not, or he is examined by either party, he shall be treated and considered as the witness of the party who has taken the deposition."

We are of opinion that this applies to witnesses and not to a party to the law suit. Mrs. Young was the party plaintiff, and whether her deposition was read or not, or whether she was examined, we are of opinion that the defendant was not precluded from showing that she was not a passenger on its bus the day that she was injured. The special request offered was not correct, and was properly refused. It was not the law as we see it, for it is well settled that before a trial court can be put in error by the refusal of a special instruction, the special instruction must be accurate. Middle Tenn. Railroad Co. v. McMillin, 134 Tenn., 490.

We are of opinion that this cause is also controlled by Chapter 32 of the Acts of 1911, which provides that no verdict or judgment shall be set aside and new trial granted by any of the appellate courts of this State in any civil or criminal cause on the ground of error in the judge's charge to the jury on account of improper admission or rejection of evidence, or for error in acting on any pleading, demurrer or indictment . . . unless, in the opinion of the appellate court, to which appeal is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial."

We are of opinion that the correct result was reached in the verdict that was returned by the jury, and all of the assignments of error are overruled and disallowed, and the judgment of the lower court is affirmed. The defendant will recover of the plaintiff the costs of the appeal, for which execution will issue, she having taken the oath for poor persons in lieu of an appeal bond.

Heiskell and Senter, JJ., concur.