### F. B. HUGHES v. W. B. COURTRIGHT, et al.

Western Section. February 7, 1930.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

130

Ross & Ballew, of Savannah, for plaintiff in error.
P. M. Harbert, of Savannah, for defendant in error.

OWEN, J.  F. B. Hughes has appealed from two judgments rendered against him in the Circuit Court of Hardin county.  There were two suits commenced before a Justice of the Peace in Hardin county, which suits grew out of a truck and an automobile collision occurring on the highway in said county.

Courtright and Chamberlain, hereinafter called plaintiffs, instituted a suit for damages to their truck which was loaded with twelve bales of cotton and going from Savannah east on the way towards Lawrenceburg, Tennessee.  They alleged that the defendant, Hughes, negligently ran his automobile, which he was driving and coming in a westerly direction on the north side of the highway, into plaintiffs' truck.  Both the automobile of the defendant and the plaintiffs' truck were damaged.  Hughes also suffered slight personal injuries.  This accident occurred on the 13th day of October, 1928.  The plaintiffs had the justice to issue a warrant in their behalf on October 24, 1928.  The cause was set for trial on November 10, 1928.

On November 10, 1928, Hughes sued Courtright and Chamberlain before a Justice of the Peace and this trial was set for December 15, 1928.  It appears that both cases were continued by the justice until December 22, 1928, when plaintiff Hughes' suit was dismissed without prejudice.  Judgment was rendered against Hughes in the other suit wherein Courtright and Chamberlain were plaintiffs and both suits were appealed.

In the Circuit Court, after styling Courtright and Chamberlain v. F. B. Hughes, and F. B. Hughes v. Courtright and Chamberlain, there appears by consent that these two cases were heard together

by the court, the cases involving identically the same facts but separate verdicts were rendered as to each.

Courtright and Chamberlain proved that their truck had been damaged from $300 to $400; that they spent $102 to have the same repaired and that this item of expense was a fair and reasonable one.

Hughes proved his damages to be from $350 to $400. The jury returned a verdict in favor of Courtright and Chamberlain for $102, the amount they had expended in repairing their truck and the same jury returned a verdict for the defendants in the suit wherein Hughes was plaintiff. Motions for a new trial were seasonably filed in each case by Hughes. These motions were overruled by order of the court and by the agreement of the parties, only one bill of exceptions was signed and filed and it was agreed that the two cases should be heard upon the same bill of exceptions, in the same manner and to the same extent as if a separate bill of exceptions were filed in each case.

Hughes perfected his two appeals and has assigned six errors. The first is, there is no evidence to support the verdict of the jury in either of the cases. In support of this assignment, learned counsel for Hughes, both in his argument and in his brief, makes the following statement:

"We duly appreciate the fact that on any controverted question, with any evidence to support the jury verdict, we are precluded, but even if it be conceded there is material evidence to support the verdict on the question of negligence, aside from the controverted question of intoxication, the contentions of the respective parties being supported by the evidence, then certainly plaintiff in error was entitled to a correct charge."

As to who was at fault and whose negligence caused the collision on the highway between Hughes' automobile and the plaintiffs' truck, there is evidence to sustain the verdict of the jury that it was the negligence of Hughes, who was driving his automobile after dark in a zigzag way on the highway; that he negligently ran into plaintiffs' truck and the damage was caused by the negligence and fault of Hughes and without any negligence on the part of the driver of the truck, which truck was loaded with cotton. The first assignment of error is overruled.

The next four assignments complain of the court's charge as follows:

## II.

The court erred in attempting to charge in the case of Hughes v. Courtright & Chamberlain, that if the preponderance of the proof showed that Hughes was driving his automobile in an intoxicated condition that would be negligence in law—negligence per se—and

that although the proof might show that defendants in error were negligent in driving their automobile, yet the fact that plaintiff in error was under the influence of an intoxicant would entitle the defendants in error to recover.

### III.

The court erred in that part of the charge to the jury in which he stated, that if the plaintiff in error was intoxicated at the time of the collision, such act would be negligence in law, and that although, if the proof should show that plaintiffs (defendants in error) were negligent, they would be entitled to a recovery because the intoxicated condition of the defendant (plaintiff in error) would constitute negligence.

### IV.

"The court further charges you that if the preponderance of the proof shows that the defendant was driving his car in an intoxicated condition that would be negligence in law and be driving his car unlawfully and be negligence in law, and although the proof might show that the defendants were negligent in driving their car, if the plaintiff was driving his car under the influence of an intoxicant that would be negligence also as to him and that would bar a recovery against them. If the proof shows that fact by a preponderance and if the defendant was negligently driving his car and was on the north side of the road and the proof shows by a preponderance of the proof that he was, and the defendant was keeping to the right side, if the proof shows by a preponderance and that he was not under the influence of (an) intoxicant then he would be entitled if the defendant came on the north side and was the proximate cause of the injury to a recovery against the defendants."

### V.

"If the proof should show that the negligence of the plaintiff in this cause (Hughes v. Courtright and Chamberlain) if any, contributed to the proximate cause of the injury, let it be ever so slight, he would not be entitled to recover anything, and if he was in an intoxicated condition that is negligence in law, if the proof shows that to be a fact by a preponderance."

The sixth assignment complains of the court in refusing a special request tendered by Hughes at the conclusion of the court's charge, which special request is as follows:

"Even if you should find that Hughes was driving his car while intoxicated, yet that fact would not preclude a recovery by him if you should find from the proof that the defendants were negligent and that their negligence was the proximate cause of the collision

and damages, and that the intoxicated condition of Hughes was not the proximate cause of the collision or contributed thereto.''

The court in his charge began his charge as follows:

Gentlemen of the jury:

There are two cases tried in one, on the same facts in both cases, and I will charge you the facts necessary to a recovery in each case.

I will first charge you as to what will be necessary for the plaintiff, Courtright and Chamberlain, to prove before they would have any right to a recovery.

Following this introductory statement by the court he proceeded to charge the theory of Courtright and Chamberlain as plaintiffs against Hughes and the law applicable thereto. It does not appear that there is any complaint in the court's charge in the first case in which Courtright and Chamberlain were suing Hughes. Counsel for Courtright and Chamberlain concede that the charge as to the last case is not free from criticism and that Hughes was entitled to have the instruction submitted by the special request but it is insisted, since the jury has spoken on the rights of the parties, the refusal to give the special request was not prejudicial, and could not change the minds of the jury or alter the verdict; that this special request was only applicable in the case in which Hughes was plaintiff and not applicable in the first case in which Hughes was defendant. The record shows that the special request was submitted in the case in which Hughes was the plaintiff. It is further insisted that this is a case on this appeal where chapter 32 of the Acts of 1911 should be applied. The law is well settled in Tennessee that a case will not be reversed and remanded for a new trial for errors committed in the lower court, which errors did not prejudice the party complaining and where it manifestly appears to the appellate court that justice has been done.

No reversal will be granted for harmless error in the charge of the trial judge, where the Supreme Court can see that the party complaining of such error was not prejudiced thereby. Lowry v. Southern Ry., 117 Tenn., 507; Memphis St. Ry. Co. v. Scanlan, 1 Higgins, 679.

''Where the refusal to give proper instructions does not affect the result, the verdict being fully in accord with the merits of the case, the case must be affirmed, under the statute.'' (Acts 1911, chap. 32.) Montgomery v. State, 8 Thomp., 577.

''Another general rule is that for such irregularities as do not prejudice the defendant, he has no cause for complaint and can take no exception.'' Ransome v. State, 116 Tenn., 355.

''Courts were instituted for the administration of justice, and the procedure and rules of practice obtaining therein were designed for the same purpose, and when the judges can clearly

perceive and are fully satisfied that the jury was not influenced by the errors complained of, and that the right under the law has been attained, they should not permit the rules and procedure designed for the advancement of justice to be used for its prevention." Lowery v. South. R. Co., 117 Tenn., 507; Donnelly v. Jackson Bros., 2 Hig., 408; Lovier v. Nashville, 1 Tenn. App., 401; Young v. Gregory Bus Line, 1 Tenn. App., 282.

"Where the right of plaintiff below to a substantial recovery can never be successfully disputed, and where the amount of damages awarded is not in any respect excessive, the judgment of the lower court will be affirmed, notwithstanding some errors committed during the trial." Chattanooga Sta. Co. v. Hall, 5 Higgins, 342.

Learned counsel for Hughes realizes the force and effect of chapter 32 of the Acts of 1911 but he insists with great earnestness and with much force that the plaintiff in error, Hughes, has been denied his legal rights by having had an erroneous charge submitted to the jury and that Hughes' rights have not been protected by not being given a fair and legal charge. There is no question but what the jury, in the case of Courtright and Chamberlain v. Hughes, reached a proper verdict under the evidence submitted by finding in favor of Courtright and Chamberlain and against Hughes. They were very considerate of Hughes by allowing the plaintiffs to recover only the sum that they had paid out for repairs on the truck. The undisputed fact shows that the damages to the truck were greater than $102 allowed by the jury. If the jury was correct in their verdict against Hughes in the first case, then they could not, under the facts and theories of both parties, return a verdict in favor of Hughes. There was no theory that this collision was an unavoidable accident and that neither party was to blame or that some intervening agency was the proximate cause but the issue was clearly cut between the two contending parties that one or the other was to blame for the collision. Each side introduced evidence in support of his contention. The evidence being conflicting we are bound by the verdict.

The Supreme Court must, after verdict for plaintiff, accept as the established facts in the case the version of the plaintiff as to controverted questions of fact. Fairbanks v. Gambill, 15 Thomp., 633.

Where the evidence was materially conflicting, the Supreme Court must take that view of it most favorable to the parties who were successful in obtaining a verdict approved by the trial judge. Smith v. Tate, 16 Thomp., 270.

Where the jury has resolved a disputed question of fact in favor of plaintiff's contention, its finding is binding upon the Supreme Court. Hines v. Partridge, 17 Thomp., 217.

The trial court's decision on the facts, where the evidence is conflicting, will not be reviewed by the Supreme Court. Fort v. Noe, 17 Thomp., 341.

"A verdict on conflicting evidence, when approved by the trial court, cannot be disturbed on appeal." Hawkins v. Byrn, 23 Thomp., 10.

Suppose the trial judge had told the jury that if they found the issues in favor of the plaintiffs in the first case and against the defendant, Hughes, it would not be necessary to consider whether Courtright and Chamberlain were responsible to Hughes or not or that the jury need not give any further consideration as to fixing liability when they had found that it was the negligence of Hughes that was the proximate cause of plaintiffs' injury or damage. That would have been unusual but we do not think it would have been reversible error. Naturally there is some confusion where two cases are tried by the same jury upon the same state of facts as is shown by this record, but the determinative question for the jury was: Who was to blame for this collision between an automobile and a truck on the highway between these contending parties at the time fixed by these various witnesses? The jury, on a proper charge between Courtright and Chamberlain as plaintiffs and Hughes as defendant, fixed the responsibility on Hughes. There was no need of the jury further considering the question of negligence and whether Hughes was intoxicated or not.

While the charge of the court in the case of Hughes v. Courtright and Chamberlain is erroneous and the special request offered on behalf of Hughes should have been given to have made the charge free of error, yet as we view this record from the facts established, the jury could not have done otherwise than to have returned a verdict for Courtright and Chamberlain and against Hughes. There was no request for delay. Each side had all the witnesses present and examined that they desired to examine. It would be useless in our opinion to remand this case. Justice has been reached. Litigation should be ended as speedily as possible and no new trial should be granted unless the complaining party has manifestly been prejudice by error committed in the trial; wherein the complaining party has lost. The plaintiff Hughes has not been prejudiced or injured in our opinion by the errors committed. The result would have been the same without doubt had there been no error. We should not reverse these judgments for the errors committed; when in our opinion they have not harmed the plaintiff in error, Hughes.

Chapter 32 of the Acts of 1911 applies in this case. It is our duty to follow this wholesome statute.

The assignments are all overruled. The judgments of the lower court are affirmed. Hughes will pay the costs of the appeal. The costs of the lower court will be paid as adjudged below.

Heiskell and Senter, JJ., concur.