R. M. FORBES v. BATHSHEBA DUNHAM.

The principle decided in De Blane v. Lynch, 23 Texas Rep. 25, that crops grown upon the land of the wife, by the labor of her slaves, are the common property of the husband and wife, and subject to an execution upon a judgment against the husband, re-affirmed.

ERROR from Lavaca. Tried below before the Hon. Fielding Jones.

This was a suit for the trial of the right of property in 12,000 pounds of seed cotton, which had been levied upon, in December, 1856, by the sheriff of Lavaca county, to satisfy two executions in favor of R. M. Forbes, against M. T. Dunham and B. B. Blanchard. Bathsheba Dunham, the wife of M. T. Dunham, made claim to the property, in her own right, and as guardian of Emily, John, and Stephen Best, her minor children.

It was proved on the trial, that the cotton was raised on the land of the claimant, and by negroes belonging to her and the said minors; that she employed and paid the overseer, who received his instructions from her in relation to the management of the farm; and that the husband and wife, and her children, all lived together on the farm.

Deeds were introduced in evidence by the claimant, showing title in herself, as trustee for two of the said minors, to four slaves named therein. The court instructed the jury, that if they believed from the evidence, that the cotton in question was raised by slaves belonging to the children of Mrs. Dunham, and on lands belonging to her, as her separate property, they should find for the claimant.

To this instruction the plaintiff excepted. Verdict and judgment for the defendant.

*A. H. Phillips*, for the plaintiff in error.

*J. J. Holt*, for the defendant in error.

BELL, J.—There is nothing in this case to distinguish it from that of De Blane v. Lynch & Co., 23 Texas Rep. 25. In that case, it was held, that cotton grown upon land which was the separate property of the wife, and by the labor of slaves, also the separate property of the wife, was, nevertheless, the common property of both husband and wife. Upon the authority of the case of De Blane v. Lynch & Co., the judgment of the court below, in this case, will be reversed, and the cause remanded for another trial.

Reversed and remanded.