W. D. CLEVELAND ET AL. V. M. S. COLE ET AL.

(Case No. 2175)

1. CONTINUANCE—When, on first application for a continuance, the affidavit is in strict compliance with the statute, the court has no discretion in the matter, but must continue the cause. (Citing Jones v. Banks, Galveston term, 1886, and Chilson v. Reeves, 29 Tex. 275.)

2. COMMUNITY PROPERTY—HUSBAND AND WIFE—CROPS GROWN UPON LAND OF THE WIFE—Crops grown upon the land of the wife, although the labor and other means used in their production are of her separate estate, become the community property of the husband and wife. (Following DeBlanc v. Lynch, 23 Tex. 25; Forbes v. Dunham, 24 Tex. 611; and Garr v. Tucker, 42 Tex. 330.)

3. SAME—Property purchased by the wife on credit, to be paid for out of the proceeds of crops grown upon her land, is community property.

4. COMMUNITY ESTATE—HOW MUCH THE HUSBAND OR THE WIFE CONTRIBUTED TOWARDS ACQUISITION, NOT A SUBJECT FOR INQUIRY—The entire community estate, when clearly ascertained to be such, being liable for the husband's debts, the court cannot institute an inquiry as to how much either the husband or the wife contributed towards its acquisition.

5. WIFE'S SEPARATE INTEREST—Where property has been purchased partly with the separate estate of the wife and partly with means of a different character, the wife's separate interest in such property is proportionate to the amount which her separate estate contributed towards its purchase. (Citing Love v. Robertson, 7 Tex. 6; Battle v. John, 49 Tex. 203; Braden v. Gose, 57 Tex. 37; Zorn v. Tarver, 45 Tex. 519; Claiborne v. Tanner, 18 Tex. 68.)

APPEAL from San Jacinto. Tried below before the Hon. Edwin Hobby.

This is an action by M. S. Cole, joined by her husband, Richard Cole, against appellants, W. D. Cleveland et al., for the alleged wrongful conversion of two mules, of the value of $125 each, one wagon valued at $65.00, and about one hundred and twenty thousand pounds of seed cotton valued at $5,000, the petition alleging the same to be the separate property of M. S. Cole.

Defendants answered by general demurrer and general denial, and, specially, that the property was the community property of the plaintiff and her husband, R. Cole, and justified under executions issued upon valid and subsisting judgments against R. Cole for community debts. Subsequently, plaintiffs filed a supplemental petition, to which defendants demurred, on the ground that the facts alleged showed that the cotton was community property. The demurrer to the original petition was overruled, but that to plaintiffs' supplemental petition, in so far as it sought to recover the value of the cotton, or, in the alternative, the amount advanced by M. S. Cole in the production of the cotton, was sustained; in other respects overruled.

Defendants presented their first application for a continuance, which was overruled. The cause proceeded to trial, and was submitted to

the court without a jury, resulting in a judgment in favor of Mrs. Cole, in her own separate right, for $210, the value of the mules and wagon, from which judgment both parties appealed.

The judge who tried the cause filed as his conclusions of fact a statement of the evidence adduced on the trial, from which it appears that in September, 1885, the appellants W. D. Cleveland et al., who were judgment creditors of Richard Cole, the husband of M. S. Cole, caused executions to be levied on two mules, a wagon, and about one hundred and twenty thousand pounds of cotton, as the community property of Cole and his wife, and that this property was, afterward, sold by the sheriff, and the proceeds of the sale applied to the payment of appellants' judgment against the husband.

It further appears that Richard Cole, acting for his wife, had rented, of one E. B. Smith, the land upon which the cotton levied on was subsequently produced, and had, at the same time, purchased of the same party the two mules and the wagon to be used by the husband in raising the crop; that Cole paid the rent for the land out of money which his wife had received in the compromise of a suit by her against certain parties for a tract of land partitioned to her out of the estate of a former husband of hers, and also made a cash payment of $90.00 on the mules, out of the same fund, giving the joint note of his wife and himself for the balance. The wagon, it seems, was purchased wholly on a credit, to be paid for out of the proceeds of the crop.

The application of the appellants W. D. Cleveland et al., for a continuance, which was duly sworn to, after stating the style and number of the cause, and the court in which pending, is as follows:

"Now come the defendants in the above cause, and say, that they cannot safely go to trial at this term of the court, for want of the testimony of A. Tidwell, who resides in San Jacinto county, Texas; that the testimony of that witness is material for their defense; that they have used due diligence to procure the same, in that they caused a subpœna to be issued by the clerk of the district court of San Jacinto county, on October 3, 1885, and executed by serving, by the proper officer, to-wit, the sheriff of San Jacinto county, upon that witness, on October 31, 1885, which subpœna, with the officer's return thereon, is hereto attached, marked exhibit "A," and made part hereof; that they expect to procure the testimony of the witness by the next term of the court; that there are no other witnesses known to defendants, by whom the same facts can now be proved on this trial." The suit was filed October 15, 1885, and was called for trial November 21, 1885.

*R. S. Lovett, T. S. Hill, C. B. Martin* and *W. G. Ratcliff*, for appel-

lants W. D. Cleveland et al., on question of continuance, cited: R. S., art. 1277; Chilson *v.* Reeves, 29 Tex. 275; Prewett *v.* Everett, 10 Tex. 283; Hepp *v.* Bissell, 3 Tex. 18.

That, in an action by the wife for the wrongful conversion of property bought partly with her separate means and partly with means of another character, she is entitled to recover only to the extent of her separate means so invested, they cited: Braden *v.* Gose, 57 Tex. 37; Claiborne *v.* Tanner, 18 Tex. 68; Zorn *v.* Tarver, 45 Tex. 519.

*Denson & Burnett* and *Lea & McKellar*, for M. S. Cole, that an application for a continuance addresses itself to the sound discretion of the trial court, cited: Ward *v.* Boon, Dallam Rep. 561; Fuller *v.* Craddock, Id., 458; Hipp *v.* Hutchell, 4 Tex. 20.

That money received by the wife, in compromise of a suit by her for land acquired by inheritance, is the separate property of the wife, they cited: Rose *v.* Houston, 11 Tex. 324; Fisk *v.* Flores, 43 Tex. 340.

That personal property purchased by the wife and paid for in part out of her separate funds, and in part by her promissory note, in which her husband joins, becomes her separate property, they cited: Wood *v.* Half, Weis & Co., 44 Tex. 633; Cleveland *v.* Williams, 29 Tex. 208; 2. Kent's Comm., marg., p. 492.

That cotton raised upon land rented by the wife for her separate use, all the expenses of cultivating and gathering the crop having been paid out of her separate means, is not liable for the debts of the husband, or for the community debts of him and herself, they cited: Rose *v.* Houston, 11 Tex. 328; McIntyre *v.* Chappell, 4 Tex. 192; Tucker *v.* Carr, 39 Tex. 98; Schouler on Husband and Wife, secs. 215, 224, 231, 280, 282; Stoker *v.* Bailey, 62 Tex. 299; Parker *v.* Coap, 60 Tex. 114; McKamey *v.* Thorp, 61 Tex. 649.

That the husband cannot, either with or without the wife's consent, so invest her separate estate that the corpus thereof can be made liable for the debts of the husband, or for the community debts of himself and wife, they cited: Carr *v.* Tucker, 42 Tex. 336; DeBlanc *v.* Lynch, 23 Tex. 25; Cooke *v.* Bremond, 27 Tex. 457; Reagan *v.* Holliman, 34 Tex. 404.

WILLIE, CHIEF JUSTICE.—The court erred in overruling the motion of appellants to continue the cause. The affidavit for continuance was in strict compliance with the statute, and, in such cases, the court has no discretion in the matter, but must grant the continuance. Jones *v.* Banks, decided this term; Chilson *v.* Reeves, 29 Tex. 275. The court did not err in sustaining the demurrer of appellants

to the supplemental petition. It is now firmly settled by the decisions of this court that crops grown upon the land of the wife, although the labor and other means used in their production are of her separate estate, become the community property of the husband and wife. DeBlanc v. Lynch, 23 Tex. 25; Forbes v. Dunham, 24 Tex. 611.

The language of our Revised Statutes on this subject is substantially the same as that used in the acts under which these decisions were made, and they are applicable and of binding force in the present case. Carr v. Tucker, 42 Tex. 330. It follows, therefore, that, although the land upon which the cotton levied upon was raised belonged to Mrs. Cole, and the animals, tools, and employes used in raising the cotton may have been furnished by her, the cotton was community property, and liable to execution for her husband's debts. The cotton was in no sense received in exchange for the land, or the means used in producing it; but was the fruit of labor furnished by the wife, exercised upon lands temporarily owned by her. It was acquired during the marriage, and was as much the acquests and gains of the marital partnership as if she had received it in exchange for labor with her needle, or for any other personal service she might have performed. The entire community estate, when clearly ascertained to be such, being liable for the husband's debts, the court cannot institute an inquiry into how much either the husband or the wife contributed towards its acquisition. Hence, the court did not err in refusing to allow Mrs. Cole, out of the value of the cotton, the amount she had contributed towards its production. Neither did the court err in so far as it found that $90.00 of the purchase money of the mules was the separate property of Mrs. Cole. This amount was part of $2,000 she received in compromise of a suit she had brought to recover lots in the city of Houston, which were her separate property.

It is apparent that the $2,000 was received in payment of her right to the land, that passing to the opposite party in the cause. Under these circumstances, the money, of course, became her separate property. It was not received as damages for a tort committed upon her property, but as the purchase money of the property itself. But, we are of opinion that, as only $90.00 of the purchase money of the mules was of the separate estate of the wife, and the balance of $60.00 was to be paid out of the community estate of herself and husband, Mrs. Cole was entitled to an interest of not more than three-fifths in the mules. It has been frequently held by this court that, where property is purchased partly with the separate estate of the wife, and partly with means of a different character, the wife's separate interest in it is pro-

portionate to the amount her separate estate contributed towards its purchase money.   Love v. Robertson, 7 Tex. 6 ;  Zorn v. Tarver, 45 Tex. 519 ;  Battle v. John, 49 Tex. 203 ;  Braden v. Gose, 57 Tex. 37; Claiborne v. Tanner, 18 Tex. 68.

No part of the purchase money of the wagon seems to have been paid, but the whole was to be paid out of crops grown upon the wife's land, which was community property.

Upon the facts before the court, we think the proper judgment would have been a recovery for Mrs. Cole against the appellants for $90.00, with interest from the date of the seizure of the mules, and a finding for defendants below in all other respects.   But as the judgment must be reversed for the error of the court in refusing the continuance, it will necessarily have to be remanded, and upon a new trial a different state of facts may be shown by the evidence.   We may add that the conclusion of the judge who tried the cause, as found in the record we are considering, are not in accordance with our statutes, the same objections applying to them as were alluded to in Jones v. Banks, decided during the present term.   The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 2, 1886.]