AUSTIN TERM, 1888.

CRAXTON, WOOD & CO. v. A. P. RYAN ET AL.

(No. 5698.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

ROSS, HERD & ROSS, counsel for appellants.

C. C. CUMMINGS, counsel for appellee.

§ 367. *Community property; brick made on wife's land, etc., is; case stated.* Appellants caused an execution in their favor against A. P. Ryan to be levied upon a lot of brick. Josephine, wife of said A. P. Ryan, claimed said brick as her separate property, and upon a trial of the right of property thereto, had in accordance with the statute, the brick were adjudged to be her separate property and not subject to said execution. The brick were made on land which was the separate property of the wife and out of the dirt of said land. The husband had nothing to do with the making of them, and paid no part of the expense of making them. *Held*, the brick were community property and subject to the execution. [De Blanc v. Lynch, 23 Tex. 25; Forbes v. Dunham, 24 Tex. 611; White v. Lynch, 26 Tex. 330; Cleveland v. Cole, 65 Tex. 402; Carr v. Tucker, 42 Tex. 330; 1 App. C. C. §§ 361, 362, 1071; Sayles' Civ. Stat. art. 2852.]

§ 368. *Exceptions to judgment, when sufficient.* The case was tried by the judge without a jury, and appellants excepted to the judgment, and the exception was noted in the judgment entry. This was in accordance with the statute, and entitled appellants to appeal without a statement of facts, and to call in question the correctness of the judgment upon the facts, although said

conclusions had not been excepted to. [Sayles' Civ. Stat. art. 1333; Ins. Co. v. Millikin, 64 Tex. 46.]

April 14, 1888.                    Reversed and remanded.