CLARK, C. J., dissenting arguendo.
This action is to recover the sum of $201, the alleged value of a mule, killed while being transported from Kansas City by defendant. From the judgment rendered the plaintiff appealed.
The facts are stated in the opinion of the Court.
The only assignment of error is to the ruling of his Honor holding the plaintiffs to the value of $100 agreed upon in the bill of lading under which the live stock were shipped.
The bill of lading set out in the record is identical in all respects with the one printed in full in Jones against this same carrier (251) (148 N.C. 583), and the point was fully discussed and decided against the plaintiffs in that case.
The case at bar falls squarely within the principles laid down in the opinion of the Court in that case, as well as within the concurring opinion written by Mr. Justice Hoke and concurred in by Chief Justice Clark. In that concurring opinion it is well and wisely said: "This rule is particularly applicable to shipments of stock in quantities, and eminently just to both parties to such contracts, affording to the shipper a fair and reasonable shipping rate and protecting the carrier from exorbitant and unconscionable recoveries by reason of excessive valuations which it had no opportunity to ascertain or to resist successfully, and for which it has received no adequate compensation." We find nothing whatever in the record which takes the case out of that rule or distinguishes it from the Jonescase, where the subject is fully discussed and many authorities cited.
It would be a work of supererogation to repeat here the reasons that led us to our conclusion. *Page 245 
In addition to the authorities cited in the opinion of the Court the following additional cases will be found to fully sustain our former judgment: Winslow v. R. R., 79 S.C. 344; Express Co. v. Caldwell, 21 Wall., 264; Hart v. R. R., 112 U.S. 331; R. R. v. Henlin, 52 Ala. 606;R. R. v. Henlin, 56 Ala. 368; R. R. v. Harwell, 91 Ala. 340; R. R. v.Lesser, 46 Ark. 236; R. R. v. Weakly, 7 Am. St., 104; R. R. v. Harmon, 17 Ill. App.?,? 640; R. R. v. Sowell, 90 Tenn. 17; R. R. v. Davis (Texas), 2 Willson, Civ. Cases, Court of Appeals, 191; R. R. v. Caldwell (Texas), 3 Willson, 439; Zouch v. R. R., 36 W. Va. 524; 17 L.R.A., 116, where many other supporting authorities are cited.
In Johnstone v. R. R., 39 S.C. 61, a case on all fours with this, the late Chief Justice McIver, a very able judge and a just man, delivering the opinion of the court, says: "But when, as in this case, the shipper has obtained an advantage, in consideration of which he has fixed the value of the property shipped, the case becomes still stronger. The shipper, having reaped the advantage obtained by the special contract, must, as a matter of common justice, bear the burden which such contract imposed."
The judgment of the Superior Court is
Affirmed.