Action for damages to one horse, called "Jay Bird's Delight," shipped from Lynchburg to Greensboro, under a "live-stock contract" of carriage, which provided, among other things, that the shipper "will indemnify and save harmless the railroad company against claims arising out of loss or injury to said live stock accruing from . . . (c) heat, suffocation or other ill effects of being crowded in cars," and which limited the amount of recovery to $100.
From verdict and judgment, defendant appealed. The case is further stated in the opinion of MR. JUSTICE BROWN.
The evidence tends to prove that Jay Bird's Delight was shipped with five other horses belonging to plaintiff, under an agreement with defendant's agent at Lynchburg that they would be delivered at Greensboro, N.C. ready for unloading on the morning of 7 October, provided they were loaded on the car by 3:30 p. m., 6 October, at Lynchburg, and that they were loaded before that time; that these *Page 332 
horses were race horses being transported to Greensboro for the Fair, and were of much greater value than ordinary animals; and that defendant's agent at Lynchburg had knowledge of these facts.
The animals were not delivered as per agreement, but were held in Lynchburg until the night of 7 October, in the loaded car exposed to great heat, succeeded by sudden cold, in consequence of which (346) Jay Bird's Delight contracted pneumonia en route and subsequently died. The condition of the horse on arrival at Greensboro was at once made known to defendant's agents before removal.
This Court has not overruled Jones v. R. R., 148 N.C. 583, but as at present constituted reaffirmed it in Winslow v. R. R., 151 N.C. 250. A majority of the Court held that the facts in Stringfield v. R. R., ante, 125, took the case out of the rulings in those cases. In this case the animals were shipped under a special contract to deliver at a certain time, and the peculiar value of the animals made known to the defendant's agent at Lynchburg.
These facts, we think, bring the case within the scope of theStringfield case, even from the minority point of view.
No error.
Cited: Kime v. R. R., 153 N.C. 400.