## FARMERS' & MERCHANTS' STATE BANK OF RANGER v. TULLOS et al.
### (No. 971.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1919.)

RECORDS ⬉6 — ASSIGNMENTS—"DEED, CONVEYANCE, OR INSTRUMENT CONCERNING LANDS OR TENEMENTS."

The assignment of money rentals and royalties due for certain years under an oil lease was not subject to the registration laws, nor the law merchant, not being a "deed, conveyance, or instrument concerning lands or tenements," within the meaning of the registration statute, being personal property, a nonnegotiable chose in action.

Appeal from Stephens County Court; Jesse R. Smith, Judge.

Suit by George Tullos against the Texas & Pacific Coal Company, in which the Farmers' & Merchants' State Bank of Ranger intervened. From an adverse judgment, the intervener appeals. Reversed and rendered.

Chandler & Pannill, of Stephenville, for appellant.

W. C. Veale, of Breckenridge, and W. J. Oxford, of Thurber, for appellees.

WALTHALL, J. This suit was brought by George Tullos against the Texas & Pacific Coal Company to recover the sum of $868.-50, the annual rentals due under a lease con-

tract for the years 1917 and 1918. There is no material conflict in the evidence. The facts shown are substantially as follows:

Henry Tullos, father of appellee George Tullos, owned a tract of land in Stephens county, upon which he gave a surface lease to Truesdale and Hartsell. Truesdale and Hartsell, on the 6th day of May, 1916, in consideration of $434.25 paid in cash, leased said land to the Texas & Pacific Coal Company for one year, with the right of renewal for two years, by paying in advance each year a like amount of rentals. The lease contract contained a number of covenants and agreements, in addition to the payment of the rentals mentioned, among them granting to the Texas & Pacific Coal Company authority to enter upon said lands, and dig, drill, operate for, and procure natural gas and petroleum, and, should same be discovered, the lease provided for the payment of royalties, etc. The lease further provided that as to any moneys becoming due Truesdale and Hartsell under said lease payment thereon could be made by depositing same in the appellant's bank. This lease contract was duly recorded in Stephens county.

On November 10, 1916, Truesdale and Hartsell, for a valuable consideration paid, duly assigned and conveyed to Cull C. Moorman, cashier of the appellant bank, and for the bank, all of their right, title, interest, claim, and demand in and to the annual rentals, royalties, and benefits due them under the terms and provisions of their lease contract with the Texas & Pacific Coal Company, and authorizing Moorman to collect and receipt therefor, and guaranteeing the payment of the annual rentals for 1917 and 1918, and covenanting with Moorman that the said rentals and royalties and other benefits mentioned were free from all gifts, grants, bargains, sales, and incumbrances. This assignment was not placed of record, nor did appellee George Tullos have actual notice of such assignment. The Texas & Pacific Coal Company had notice of the assignment. On the 26th day of December, 1916, Truesdale and Hartsell, in consideration of $675 cash, paid by George Tullos, duly sold, conveyed, transferred, and assigned to George Tullos their right, title, and interest in and to the said lease contract they had with the Texas & Pacific Coal Company, covering the same lands, and authorized Tullos, for his own use and benefit, to collect the annual rental from the Texas & Pacific Coal Company for 1917, and annually thereafter during the life of the lease.

It was agreed in open court by all parties that the Texas & Pacific Coal Company had deposited in the registry of the court the sum of $868.50, same being the rentals due under its lease contract with Truesdale and Hartsell.

The Texas & Pacific Coal Company answered, stating that Tullos and the Farmers' & Merchants' State Bank of Ranger were each claiming said rentals, and declaring its readiness to pay said rentals to whichever party is entitled to receive it.

Appellee Tullos and appellant bank, the bank having intervened, each severally claimed the rentals for the years 1917 and 1918, under the assignment from Truesdale and Hartsell, as above stated. The suit involves only the rentals due for the two years.

The case was tried without the aid of a jury, and the court rendered judgment in favor of plaintiff, Tullos, against the Texas & Pacific Coal Company and the intervener bank, for the $868.50 tendered into court. The appellant bank excepted to the judgment rendered and has perfected its appeal.

The court filed no findings of fact and conclusions of law. Appellee has not favored us with a brief, and we are not advised as to his view of the question presented, nor the grounds upon which the court based its judgment, other than the facts stated above. Appellant presents six assignments of error, each claiming error in the rendition of the judgment.

We will not discuss separately the several assignments, as they seemingly present but one proposition, and that one of law. Truesdale and Hartsell were the common source from which both Tullos and the intervener bank claim the right to the rentals. In their pleadings in the trial court and here each claim severally, under the two assignments, the right to the rentals for the two years, 1917 and 1918, due from the Texas & Pacific Coal Company to Truesdale and Hartsell under the lease contract between them, thus each admitting the validity of the lease contract under which the rentals become due and that the rentals were subject of assignment by Truesdale and Hartsell.

The intervener bank was a prior assignee of the rentals. The assignment of the definite and specific amount to become due at the time fixed in the lease contract between Truesdale and Hartsell and the Texas & Pacific Coal Company was a complete disposition of the rentals so far as Truesdale and Hartsell were concerned. The assignment of the money rentals stated in the lease was not subject to the registration laws, nor the law merchant; it was not a deed, conveyance, or instrument concerning lands or tenements, within the meaning of the registration statute. The thing assigned, so far as the question presented here is concerned, is clearly personal property, a nonnegotiable chose in action.

We think the court was in error in rendering judgment for appellee.

The judgment is reversed, and here rendered for appellant.