## FAIRCLOTH v. FLEWELLEN.

### No. 1912.

Court of Civil Appeals of Texas. Eastland.

May 26, 1939.

Rehearing Denied July 7, 1939.

L. R. Pearson, of Ranger, for appellant.
Frank Sparks, of Eastland, for appellee.

LESLIE, Chief Justice.

This is a suit by L. H. Flewellen, Trustee, against Sig Faircloth to recover rents aggregating $300 and interest on a certain building and fixtures located in Ranger, Texas. The defendant denied liability. At the conclusion of a trial before the court without a jury, judgment was rendered in favor of plaintiff. Faircloth appeals. On request, the court made findings of fact and conclusions of law.

The facts out of which the litigation grows are, in substance, these: On April 15, 1933, Mary E. Tullos, a feme sole, being the owner of a certain lot, building and fixtures in the City of Ranger, Texas, rented the same to Sig Faircloth for one year, beginning April 15, 1933, and ending April 14, 1934. The lease contract was in writing, signed and acknowledged by each of the parties. The house and fixtures were rented for $30 per month "to be paid in advance on the 15th day of each month, beginning April 15, 1933." It was stipulated in the contract that $240, payable in monthly installments of $20 each was for the rent of the building, and that $120, payable in monthly installments of $10 each was for the fixtures.

The fourth paragraph of the contract provided: "All rents hereunder are to be paid direct to L. H. Flewellen of Ranger, Texas, who is hereby directed by Lessor to receive said rents and make distribution of all sums received therefrom to the creditors of Lessor in any manner which he and said creditors can and will agree upon, at all times using his best judgment, and Lessor hereby ratifies and confirms

any and all acts done and performed hereunder by the said L. H. Flewellen." There are several other provisions in the lease contract, usual and customary in such instruments, but not material to the questions to be decided.

On June 9, 1933, Mrs. Tullos executed her general warranty deed to Rudey Wells conveying the lots, building and fixtures, and recited in that instrument: "This conveyance is subject to the lease to the present tenant, but grantee shall collect all rentals after June 15, 1933." The "lease" mentioned is the one entered into April 15, 1933, by Mrs. Tullos and Faircloth. That, of course, is the "lease" which contains said paragraph 4, directing Faircloth to pay the monthly rentals to L. H. Flewellen, Trustee, for the benefit of certain creditors of Mary E. Tullos.

At the time said "lease" contract was entered into, and according to the pleadings and testimony, said Mary E. Tullos was indebted to seven different creditors in varying amounts aggregating $460.08. Paragraph 4 contemplated the payment of these creditors, and Faircloth, the lessee, was necessarily aware thereof.

After the execution of the warranty deed by Mrs. Tullos to Rudey Wells on June 9, 1933, the lessee Faircloth refused to pay the rent for the remaining ten months to said Flewellen, Trustee, as provided in Faircloth's lease contract with Mrs. Tullos, but paid such rent to Wells.

Under these circumstances, and by this appeal, the appellant, in his brief, asserts: "This action involves the simple question of whether the former landlord, or his vendee under the warranty deed is entitled to collect the subsequently accruing rents on rented property after the sale of the fee or reversion by the landlord." The appellee states the contention in this language: "The sole question involved in this cause is whether L. H. Flewellen, Trustee, as assignee of the rentals to become due under the above mentioned Faircloth lease executed on April 15, 1933 is entitled to recover such rentals from Sig Faircloth, or whether the subsequent purchaser (9th day of June, 1933) of the property from Mrs. Tullos is entitled to the rentals from and after the date of his purchase."

These respective contentions reflect the controlling question, the answer to which is to be found in a correct interpretation of the facts detailed. Each proposition

rests upon a sound principle of law, but the application of either to a given case involves a proper construction of the facts involved.

■ We recognize the general rule contended for by the appellant that upon the sale of land rents not due are payable to the purchaser. Hearne v. Lewis, 78 Tex. 276, 14 S.W. 572; Caruthers v. Leonard, Tex.Com.App., 254 S.W. 779, 781; 16 R.C.L. p. 641; 27 Tex.Jur. p. 97; 36 C. J. p. 364. In the last text, the rule is stated: "An assignment or transfer of the reversion carries with it the right to rent subsequently accruing unless the rent is expressly reserved."

But for the particular facts of this case, the above stated general rule would be applicable. The facts and circumstances which distinguish this case from the general line of authorities employing the general rule contended for by the appellant are as follows: The above paragraph 4 of Mrs. Tullos's lease contract with her tenant Faircloth specifically stipulated, and he agreed, that the rents provided for therein should be paid to the trustee Flewellen for the benefit of said creditors. Not only was the lessee thus made aware of this provision, but such information was carried to the vendee in the subsequent deed, as well as the beneficiary thereof. The conveyance itself contained the above quoted clause that it was "subject to the lease to the present tenant."

■ Under such circumstances the applicable rules of law under the facts of this case are stated in 43 Tex.Jur. p. 272, sec. 163, in this language: "Of course, it is permissible for the parties to contract with reference to rentals, and payments which would otherwise be due to the purchaser may be reserved to the vendor by an oral agreement as well as an express reservation in the contract or conveyance. Moreover, the doctrine that unaccrued rents pass to the purchaser is not applicable where they are 'severed' before the sale, by the vendor assigning the rents or rental notes to a third person or giving a mortgage thereon." The text is supported by sound authority.

The respective contentions of the attorneys in this case were considered under a similar state of facts in Davis v. Aydelott, Tex.Civ.App., 238 S.W. 1011, 1012, where the court, through Judge Hodges, said: "The contention is that, the consideration expressed in the deed from the appellee to

his son being contractual in its nature, parol evidence was inadmissible for the purpose of showing that the grantor was also to receive the rents for that year. In support of that proposition the appellant cites the cases of Martin v. Martin (Tex. Civ.App.) 222 S.W. 291, and Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825, and some others. We do not think the rule applied in those cases is relevant here. The question has been settled contrary to appellant's contention by the case of Applegate v. Kilgore (Tex.Civ.App.) 91 S.W. 238, and Hereford Cattle Co. v. Powell, 13 Tex.Civ.App. 496, 36 S.W. 1033. While the rule is well established that the grantee acquires the right to all of the rents which have not accrued at the time of the conveyance, it is permissible for the parties to contract to the contrary. At the time the land was sold to R. C. Aydelott, it had been rented to Cox for that year, and the latter was in possession. The promise of Cox to pay the rent was a mere chose in action which could be assigned without carrying any interest in the realty itself. At the time Davis purchased that promise had, in legal effect, been assigned to the appellee, and all the interested parties knew of the assignment, or retention."

■ A briefer, but accurate, statement of these rules of law is to be found in F. Groos & Co. v. Chittim et al., Tex.Civ. App., 100 S.W. 1006, 1010: "A general grant of the reversion passes all the leases to which the property is subject, including the rents reserved, as incident to the grant; but the right of the grantee of a reversion to the rent incident to it is subject to all the equities or just demands of the tenants or other incumbrances, of which the grantee has notice affecting and controlling the payment of the rent."

■ In the instant case the assignment or retention of the rent by Mrs. Tullos was well known to the parties to each of said transactions. When the property was sold to Wells, Faircloth was in possession of the lots under his lease, and the original retention or assignment of the rentals (paragraph 4 of the lease contract) was as open and certain as if incorporated in the deed by the same language.

The opinion in Farmers' & Merchants' State Bank of Ranger v. Tullos, Tex.Civ. App., 211 S.W. 847, 848, is in material respects helpful in the correct decision of this case in that it considers and passes upon the rights of a prior assignee to ren-

tals, using this language: "The intervener bank was a prior assignee of the rentals. The assignment of the definite and specific amount to become due at the time fixed in the lease contract between Truesdale and Hartsell and the Texas & Pacific Coal Company was a complete disposition of the rentals so far as Truesdale and Hartsell were concerned. The assignment of the money rentals stated in the lease was not subject to the registration laws, nor the law merchant; it was not a deed, conveyance, or instrument concerning lands or tenements, within the meaning of the registration statute. The thing assigned, so far as the question presented here is concerned, is clearly personal property, a nonnegotiable chose in action."

In support of the conclusions of this opinion, particular attention is directed to the case of Security Mortgage & Trust Co. v. Gill et al., 8 Tex.Civ.App. 358, 27 S. W. 835.

Applying the rules of law above stated to the facts of this case, we are of the opinion that the judgment of the trial court should be affirmed. It is so ordered.