## DODSON v. BEATY.

### No. 12911.

Court of Civil Appeals of Texas. Dallas.

Oct. 5, 1940.

Rehearing Denied Nov. 2, 1940.

William M. Cramer and Robert M. Perry, both of Dallas, for plaintiff in error.

Mayo W. Neyland, of Greenville, and John D. Reese, of McKinney, for defendant in error.

YOUNG, Justice.

In a jury case, through an instructed verdict, defendant in error Beaty recovered judgment for $1,215.72, being the value of rents converted ($1,081), with interest thereon from January 1, 1937, to date of trial. J. C. Paulk had purchased the 200-acre Collin County farm (the 1936 rents of which are here in controversy) about December 4, 1934, but did not assume an existing deed of trust indebtedness of more than $15,000, held by the First Trust Joint Stock Land Bank of Chicago. Herein referring to the first lienor just named as the Land Bank, and the other parties as in the trial court, the following facts appear undisputed: That during the crop years 1935 and 1936, the above farm was occupied by defendant Dodson, as tenant of Mr. Paulk, rentals thereof to be paid in kind when harvested, one-fourth of all cotton and cotton seed, one-sixth of all onions, and one-third of all other crops grown each year. In September, 1935, Paulk filed a bankruptcy petition in the United States District Court, under Section 75, Bankr.Act (Frazier-Lemke Act, 11 U.S.C.A. § 203), and was thereupon adjudged a bankrupt. In December, 1935, the Conciliation Commissioner, to whom this proceeding was referred, entered order staying action against said bankrupt and permitting him to remain in possession of his farm land for three years, or until further order, fixing an annual rental to be paid into court. In May, 1936, the Land Bank, upon bill of review, sought and obtained an order revoking prior orders, as affecting said creditor, and permitting it to proceed with the enforcement of its lien; also, instructing the Commissioner-Referee to make report and recommendation as to whether the bankruptcy cause should be finally dismissed. No creditors ever presented or proved any claim in said federal court proceedings, as against the estate of the bankrupt. On July 30, 1936, Paulk duly executed an assignment of the farm rentals for that year to plaintiff W. H. Beaty, in consideration of a pre-existing debt due by Paulk to Beaty, though barred by limitation, which was recorded in the Collin County deed records on August 3, 1936. The Land Bank foreclosed its lien on the 200-acre farm August 4, 1936, under deed of trust sale, and obtained trustee's deed, which was at once filed in the same county deed records. Defendant M. F. Dodson thereafter, as tenant, on maturity of the crops, collected rentals thereon to the amount of $1,216.29, paying same over to the Land Bank. At the time J. C. Paulk assigned these inchoate rentals to plaintiff Beaty, the bankruptcy case was still pending, Paulk had not received his discharge, and one year had not elapsed since the inception of said cause.

On August 31, 1938, the present suit was filed in the District Court of Collin County on the assignment, for the amount of rents alleged to have been converted, the Land Bank being made a party. Subsequently, the latter filed an injunction suit in the United States District Court at Sherman, to restrain the prosecution of plaintiff's cause in Collin County, claiming prior rights under the pending bankruptcy cause; that the State suit was an interference therewith, and for a decree adjudicating its alleged superior right to all rentals in question. Temporary restraint was granted on said petition by the federal court, but, on later trial of the injunction, on its merits, permanent injunctive relief was denied and all previous orders dissolved. Immediately upon foreclosure, defendant Dodson entered into a contract with the Land Bank for the year 1937, and the latter's agent testified that such rental agreement would not have been made if Dodson had not paid to them the $1,081 now in controversy. Notice to defendant Dodson of the aforesaid assignment of rents is quoted: " * * * This is to notify you that I have this day sold and transferred to Mr. W. H. Beaty, all of the rents that you may owe as a tenant on the farm you now occupy

for the year of 1936, and you are hereby authorized to deliver to him, Mr. Beaty, all of the corn, cotton, cotton-seed and other products gathered by you from said premises and to which I might be entitled to under my contract with you. You are hereby authorized and directed to deliver all rents to Mr. Beaty. J. C. Paulk. Witnesses—H. H. Hardin M. T. Loftis I accept the above terms as stated this 31st day of July 1936. M. F. Dodson."

The Land Bank was dismissed from suit before trial, and defendant's pleadings, after general demurrer, set forth the following defenses: (1) That J. C. Paulk was in bankruptcy at the time of the assignment and had been ordered to pay such rents into the bankruptcy court for the benefit of the Land Bank, hence the assignment by Paulk to Beaty, under the circumstances, was void; (2) W. H. Beaty's claim of debt, upon which said assignment was based. was not listed in Paulk's bankruptcy schedule, nor was a claim ever filed therefor in the bankruptcy proceedings, which were later dismissed, wherefore, Beaty had waived any claim for debt against Paulk and was estopped to assert the same as against defendant Dodson; (3) Paulk's title to the land and the consideration for Dodson's lease wholly failed during the year 1936, and said tenant became no longer bound to pay Paulk or his assignee anything, Dodson's attornment to the Land Bank relieving him of his liability to the former landlord; (4) breach of warranty, in that, when Paulk's title failed, defendant was compelled to either move off or enter into a new lease with the Land Bank; and, to save his investment and part of the crop, he had to lease the farm from the new owner and pay it the balance of rents, which, in turn, released him from any obligation to the prior owner or assignee thereof. In plaintiff's replication to above defenses were averments of res adjudicata based upon the federal court judgment, following the aforementioned injunction suit. The assignments and propositions of plaintiff in error argue that jury questions were presented involving his defenses, as just outlined.

■■ It appears from defendant's pleading that Paulk received his discharge in bankruptcy, February, 1937, the instant suit not being filed until August thereafter. The effect of the federal court order permitting the Land Bank to foreclose was equivalent to a declaration that the property was burdensome, and reinvested title in the bankrupt, subject to the contract lien that did not include the yearly crops. Collier on Bankruptcy, 13 Ed., pp. 1738–1744; Central States Life Ins. Co. v. Koplar Co., 8 Cir., 80 F.2d 754 Syl. 1. Prior to the foreclosure sale, Paulk assigned his landlord's interest in the 1936 rents for a consideration deemed valuable in law, which instrument plaintiff in error attacks as invalid on many grounds. We think the assignment to Beaty lawfully established a priority in the latter to these rents, as against the Land Bank. " * * * The doctrine well settled by repeated decisions in this state is that crops produced by annual cultivation, either growing or matured, are distinct in nature from the land on which they are cultivated, and that, while ownership of the land, under mortgage or trust deed, may be in one person, title to the crops may be in another, and, when these are harvested or severed in ownership, prior to sale of the land under foreclosure, title thereto will not pass by such sale." Roth v. Connor, Tex.Civ.App., 25 S.W.2d 246, 247; Millingar v. Foster, Tex.Com.App., 17 S. W.2d 768; Willis v. Moore, 59 Tex. 628, 46 Am.Rep. 284; also see Annotations to Ferguson v. Sullivan, 113 A.L.R. p. 1357.

■ No creditor ever filed a claim in the bankruptcy case, and defendant Dodson, the tenant, being in no sense such, the rights of creditors were not involved. On the other hand, plaintiff in error, with knowledge of and acquiescing in said assignment, made of himself a sort of trustee or stakeholder in the transaction; and his diversion of the landlord's interest gave rise to Beaty's cause of action. Plaintiff in error is in no position to assert the further defenses presented in his amended answer, as Paulk was under no legal duty in the premises, save and except to notify his tenant of the assignment, which was done; and the change of ownership through the August foreclosure did not affect Dodson's 1936 crop lease, under the common-law doctrine of emblements. Dinwiddie v. Jordan, Tex.Com.App., 228 S.W. 126; 13 T.J. Crops, Sec. 15, p. 17. The only issue raised by the undisputed facts of this record is that of priority, as between an assignee of the landlord and the purchaser under foreclosure; and defendant could have protected himself against these known and incompatible claims by

a method readily suggestible. 25 T.J., Interpleader, p. 51.

All assignments and propositions of plaintiff in error, after consideration, must be overruled, and the judgment of the trial court affirmed.

Affirmed.