

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 12, 1973

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 146

Re: Is the County Clerk
required to record a
certified copy of a
Limited Partnership
Certificate recorded
in the office of the
Secretary of State of

Dear Mr. Resweber:

Rhode Island?

Your opinion request advises that the County Clerk of Harris County
was requested to file a certificate of limited partnership executed and filed
in the State of Rhode Island under that state's Uniform Limited Partnership
Act. The subject partnership expects to do business in Texas as a limited
partnership, but does not plan to qualify with the Texas Secretary of State
as a Texas limited partnership. Article 6132a, Vernon's Texas Civil Statutes,
The Uniform Limited Partnership Act.

The county clerk desires an opinion as to whether he is required to
record a certified copy of the certificate filed in Rhode Island.

Article 6591, V.T.C.S., provides as follows:

"County clerks shall be the recorders for their
respective counties; they shall provide and keep in
their offices well bound books in which they shall record
all instruments of writing authorized or required to be
recorded in the county clerk's office in the manner here-
inafter provided."

The instruments subject to recording are listed in various statutes com-
piled in Chapter 3 of Title 115, Articles 6624 through 6646, V.T.C.S. None of

these statutes authorizes or requires the county clerk to record limited partnership agreements.

No cases are directly in point, but the holdings of related cases militate against recording instruments not mentioned in these statutes. In Pegram v. Owens, 64 Tex. 475 (1885), the Supreme Court construed an informal partnership dissolution agreement wherein Pegram first gave to Owens all claims belonging to the partnership. The Supreme Court allowed the recording of the instrument because of its last provision, but expressed doubt that the first provision alone would have been recordable.

In Farmers and Merchants' State Bank of Ranger v. Tullos, 211 S.W. 847 (Tex. Civ. App., El Paso, 1919, no writ), the court stated that an assignment of lease money rentals is "not a deed, conveyance, or instrument concerning lands or tenements, within the meaning of the registration statute."

Even if the County Clerk did file the agreement, we doubt that its recording would constitute notice to the public of its contents or effect.

Accordingly, we believe that the clerk is not required to file the out-of-state limited partnership agreement.

## SUMMARY

The County Clerk of Harris County is not required to record a certified copy of a limited partnership agreement recorded in the office of the Secretary of State of another state.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee